23-6313(L)
*United States v. Prawl*

# In the
# United States Court of Appeals
# For the Second Circuit

————

AUGUST TERM 2024

ARGUED: APRIL 7, 2025
DECIDED: AUGUST 18, 2025

Nos. 23-6313(L), 23-6314(CON), 25-400(CON)

UNITED STATES OF AMERICA,
*Appellee*,

*v.*

BRANDON PRAWL,
*Defendant-Appellant*.

————

Appeal from the United States District Court
for Northern District of New York.

————

Before: WALKER, PARK, and MENASHI, *Circuit Judges*.

————

Defendant-Appellant Brandon Prawl appeals a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*), entered March 31, 2023, convicting him after trial of distribution of heroin in violation of 21 U.S.C. § 841(b)(1)(C) (Counts 1-4), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5), and possession with intent to distribute heroin in violation of 21 U.S.C.

No. 23-6313(L)

§ 841(b)(1)(C) (Count 6). On appeal, Prawl does not contest his substantive drug distribution and drug possession convictions in Counts 1-4 and 6. He confines his argument to Count 5. He first argues that the evidence was insufficient. Next, he argues that the district court and government constructively amended the indictment, in violation of the Fifth Amendment, by causing the jury to convict him of gun possession in furtherance of a different drug trafficking offense than the one specified in the indictment in Count 5.

We conclude that the evidence was sufficient to support Prawl's § 924(c) conviction on Count 5 and that he abandoned any claim of constructive amendment as to Count 5 on appeal. Also, reviewing Prawl's unpreserved constructive amendment claim for plain error, we conclude that Prawl has not established that his conviction plainly constituted a constructive amendment of his indictment. We therefore AFFIRM the judgment of the district court.

_____

> JOSHUA D. ROTHENBERG (Thomas R. Sutcliffe, *on the brief*), Assistant U.S. Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, New York, *for Appellee United States of America*.
>
> MURRAY E. SINGER, Port Washington, New York, *for Defendant-Appellant Brandon Prawl*.

_____

JOHN M. WALKER, JR., *Circuit Judge*:

Defendant-Appellant Brandon Prawl appeals a judgment of the United States District Court for the Northern District of New York

2

No. 23-6313(L)

(Suddaby, *J.*), entered March 31, 2023, convicting him after trial of distribution of heroin in violation of 21 U.S.C. § 841(b)(1)(C) (Counts 1-4), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5), and possession with intent to distribute heroin in violation of 21 U.S.C. § 841(b)(1)(C) (Count 6). On appeal, Prawl does not contest his substantive drug distribution and drug possession convictions in Counts 1-4 and 6. He confines his argument to Count 5. He first argues that the evidence was insufficient. Next, he argues that the district court and government constructively amended the indictment, in violation of the Fifth Amendment, by causing the jury to convict him of gun possession in furtherance of a different drug trafficking offense than the one specified in the indictment in Count 5.

We conclude that the evidence was sufficient to support Prawl's § 924(c) conviction on Count 5 and that he abandoned any claim of constructive amendment as to Count 5 on appeal. Also, reviewing Prawl's unpreserved constructive amendment claim for plain error, we conclude that Prawl has not established that his conviction plainly constituted a constructive amendment of his indictment. We therefore AFFIRM the judgment of the district court.

## BACKGROUND

The facts, taken from the evidence presented at trial, are as follows. Prawl made four heroin sales to an undercover state investigator on September 5, 9, 11, and 30, 2019. The September 5 sale occurred on the front porch of an apartment building at 1526 Devine Street in Schenectady, New York. The other three sales occurred in the building's common entrance. During each of these three sales, Prawl went into an apartment on the same floor of the building to retrieve the heroin. The investigator testified that he never saw Prawl

No. 23-6313(L)

with a firearm during any of the four transactions, nor received information that Prawl possessed one.

On October 4, 2019, state police raided the apartment. Sergeant Erik Mendelsohn, who testified at trial, entered the apartment after officers had already detained its occupants. Mendelsohn observed that two officers had detained Prawl in a bedroom approximately "15 or 20 steps" away from the building's front porch. App'x 268. Prawl was sitting on a bed with a shirt pulled partially over his head. Four other people were also found in the apartment and detained in a different room. Mendelsohn testified that Prawl had already been detained when he entered the apartment. Mendelsohn did not recall seeing officers move occupants between rooms and explained that moving detainees was not generally his team's practice.

In a closet in the room where Prawl was detained, investigators found a shoebox containing 21 grams of heroin, glassine envelopes, a spoon, and a digital scale. A drawer in a dresser located in front of the closet's entrance contained quinine and procaine, which a detective testified are commonly used to cut heroin before its sale. An adjacent unlocked drawer in the same dresser contained an unloaded semiautomatic handgun wrapped in a sweater and placed next to a loaded magazine. Prawl had no license for the gun. A firearms examiner testified that it would have taken seconds to insert the magazine into the gun and fire. DNA samples from the gun were not suitable for testing. Investigators also found in the bedroom Prawl's identification card, which listed the apartment as his address.

Prawl was indicted on October 29, 2020. Counts 1-4 charged Prawl under § 841(b)(1)(C) with distributing a controlled substance, heroin, on September 5, 9, 11, and 30, 2019. Count 6 charged Prawl with possessing with the intent to distribute the heroin found in the closet searched on October 4, also under § 841(b)(1)(C). Count 5

4

No. 23-6313(L)

charged Prawl under § 924(c)(1)(A) with possessing the gun found in the dresser searched on October 4 in furtherance of the September heroin sales alleged in Counts 1-4.  Specifically, Count 5 alleged that Prawl possessed a firearm "[o]n or about October 4, 2019 . . . in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is Distribution of a Controlled Substance."  App'x 24-25.

The prosecutor argued in summation as to Count 5 that the only drug trafficking crime Prawl's October 4 gun possession furthered was his possession with intent to distribute heroin on October 4 rather than the September heroin sales as alleged in the indictment:

> [T]he government must prove two elements beyond a reasonable doubt: first, that the defendant committed a drug trafficking crime for which he might be prosecuted in a court of the United States. *That is the crime charged [in] Count 6 of the indictment, possession with intent to distribute a controlled substance.* . . .  And second, that the defendant knowingly possessed the charged firearm *in furtherance of the drug trafficking crime charged in Count [6]*[1] of the indictment, *possession with intent to distribute a controlled substance*.

App'x 422-23 (emphases added).  The government's proposed jury instruction specified that Count 6 was the predicate for the gun charge in Count 5.  Prawl's proposed jury instruction, in turn, stated that the jury could convict him under Count 5 if it found that he "knowingly used or carried a firearm during and in relation to or that

---

[1] The government concedes that the prosecutor at trial misspoke in identifying Count 5, which is the § 924(c) offense, and instead meant Count 6.

5

No. 23-6313(L)

[he] knowingly possessed a firearm in furtherance of the commission of the crimes charged in Counts 1 – 4 & 6." App'x 28.

The district court instructed the jury to convict Prawl on Count 5 if it found that Prawl (1) "committed a drug trafficking crime . . . , specifically, the crime charged in Count 6 of the indictment; and" (2) "knowingly possessed the charged firearm in furtherance of the drug trafficking crime charged in Count 6 of the indictment." App'x 475. Regarding the first element, the district court explained that Prawl was "charged in Count 6" with "possession with intent to distribute a controlled substance," and instructed "that the possession with intent to distribute a controlled substance as charged in Count 6 of the indictment is a drug trafficking crime." App'x 475.

Prawl did not object to the prosecutor's summation or the district court's instruction as to Count 5. The jury convicted him on all counts on November 9, 2022. The district court sentenced Prawl to concurrent prison terms of 24 months on Counts 1-4 and 6 and to a consecutive 60-month prison term on Count 5, for a total of 84 months' imprisonment. Prawl timely appealed.

## DISCUSSION

On appeal, Prawl does not challenge his drug trafficking convictions for distributing and possessing with intent to distribute heroin as alleged in Counts 1-4 and 6 of the indictment. He instead raises two challenges to his § 924(c) conviction under Count 5. First, he argues that the government's evidence was insufficient. Second, he contends that the district court and government constructively amended his indictment by allowing the jury to convict him for firearm possession in furtherance of the offense specified in Count 6.

6

No. 23-6313(L)

## I. Sufficiency of the Evidence on Count 5

We review Prawl's sufficiency challenge de novo, giving no deference to the district court's rejection of Prawl's Rule 29 motion that raised similar arguments. *United States v. Snow*, 462 F.3d 55, 61 (2d Cir. 2006). "To convict for possession of a firearm in furtherance of a drug trafficking offense under 18 U.S.C. § 924(c), the government must prove that the defendant possessed the firearm and that the possession occurred in furtherance of a drug trafficking crime." *United States v. Willis*, 14 F.4th 170, 184 (2d Cir. 2021).[2] "In evaluating the sufficiency of the evidence, we ask whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 181. We "draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the jury's verdict." *Id.* We "consider the evidence presented in its totality, not in isolation." *Id.*

### A. Firearm Possession

Prawl first argues that there was insufficient evidence that he possessed the handgun in question. "In order to establish that a defendant possessed a firearm" under § 924(c), "the government need not prove that he physically possessed it; proof of constructive possession is sufficient." *United States v. Chavez*, 549 F.3d 119, 129 (2d Cir. 2008). "Constructive possession exists when a person has the power and intention to exercise dominion and control over the contraband in question and may be shown by direct or circumstantial evidence." *Willis*, 14 F.4th at 181. Relevant factors include

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, and citations are omitted.

7

No. 23-6313(L)

"documents pertaining to a defendant found in the same location" as the firearm, "possession of a key to the location" where the firearm was found, and whether the firearm is "in plain view." *Id.* A defendant's "[m]ere presence" at the gun's location is not enough, but "presence under a particular set of circumstances from which a reasonable jury could conclude that the defendant constructively possessed [the firearm] is sufficient." *Id.*

Here, circumstantial evidence supported the jury's conclusion that Prawl possessed the firearm found in the apartment because the evidence indicated that he occupied the bedroom where the gun was found and controlled the items found there. Sergeant Mendelsohn observed that Prawl, after having been detained, was seated on a bed in the room with a shirt partially pulled over his head, suggesting that he had been getting dressed. Police also found in the room Prawl's identification card, which listed the apartment's address at 1526 Devine Street, Apartment 1 as his residence. *See id.* (the presence of "documents pertaining to a defendant found in the same location" supports constructive possession). Finally, at trial, Prawl's counsel stated that "we're really not contesting the drug charges," effectively conceding that the heroin found in the same room was his. App'x 170.

Prawl points out that there were other people in the apartment at the time of the raid and that Mendelsohn did not see which room each occupant was in when they were detained. But Mendelsohn testified that it was his team's practice to keep a residence's occupants in the rooms where they are found and did not recall that any individual had been moved. Further, even if the other occupants "were involved in the drug trafficking at that location" and shared control of the gun, "the government was not required to prove that the contraband was not subject to the control of others, because

8

No. 23-6313(L)

possession need not be exclusive." *Willis*, 14 F.4th at 182. Finally, Prawl's possession of the items found in the bedroom on October 4 is further supported by his having retrieved heroin from the same apartment during the sales to an undercover witness on September 9, 11, and 30.

Taken together, these circumstances supported an inference that Prawl exercised dominion over the items in the bedroom, including the gun found there. *See United States v. Rios*, 856 F.2d 493, 496 (2d Cir. 1988) (per curiam) (constructive possession supported by evidence that defendant "lived in the apartment and was not a mere visitor" and was found in "the same bedroom as the suitcase of cocaine and the scales"). Prawl points out that the government did not link him to the sweater in which the gun was wrapped, the DNA on the gun, or the mail found in the same dresser. But the government did not need to prove possession through these specific means. *Cf. United States v. Saldarriaga*, 204 F.3d 50, 53 (2d Cir. 2000) (per curiam) ("The government has no duty to employ in the course of a single investigation all of the many weapons at its disposal, and . . . the failure to utilize some particular technique or techniques does not tend to show that a defendant is not guilty of the crime with which he has been charged."). Evidence of Prawl's control over the room's contents was sufficient.

### B.  Possession in Furtherance of Drug Trafficking

Prawl argues that even if he possessed the gun, the government failed to show that this possession furthered his possession with intent to distribute the heroin found in the same room. To prove "furtherance," the government must show a "specific nexus between the charged firearm and the charged drug selling operation." *Snow*, 462 F.3d at 62. It cannot rely "on the generalization that any time a

9

No. 23-6313(L)

drug dealer possesses a gun, that possession is in furtherance, because drug dealers generally use guns to protect themselves and their drugs." *Id.* Nor is "the mere presence of a weapon at the scene of a drug crime" sufficient. *Id.* Instead, the gun must have "afforded some advantage (actual or potential, real or contingent) relevant to the vicissitudes of drug trafficking, including protection of the drugs, proceeds, or traffickers." *United States v. Lewis*, 62 F.4th 733, 746 (2d Cir. 2023). Relevant factors include (1) "the type of drug activity"; (2) the "accessibility of the firearm"; (3) "the type of the weapon"; (4) "whether the weapon is stolen"; (5) "the status of the possession (legitimate or illegal)"; (6) whether the gun is loaded"; (7) "proximity to drugs or drug profits"; and (8) "the time and circumstances under which the gun is found." *Snow*, 462 F.3d at 62 n.6.

Prawl contends that these standards conflict and cannot be applied here. He argues that a weapon's "mere presence" near drugs, which we have described as insufficient to show a nexus, *id.* at 62, will always demonstrate that the weapon provided "protection of the drugs, proceeds, or traffickers," which we have described as sufficient, *Lewis*, 62 F.4th at 746, thereby "eviscerat[ing] the requirement of a specific nexus," Prawl Br. at 25. But we take pains to "distinguish between a gun on the premises which has no reasonable relationship to the drug possession and future distribution and a weapon that is present to further that possession," including by applying the above-listed factors. *Snow*, 462 F.3d at 62. Further, Prawl is wrong that a weapon's presence near to-be-sold drugs will always satisfy the nexus requirement. While we have not yet vacated a conviction where the gun in question was found with a drug stash, this does not mean that such a scenario can never exist. For instance, there would be no sufficient nexus where the gun is "a wall-mounted

10

antique or an unloaded hunting rifle locked in a cupboard." *United States v. Brown*, 732 F.3d 569, 576 (6th Cir. 2013).

Applying the relevant factors here reveals a sufficient nexus between the handgun found in the dresser and the heroin in the closet. First, the type of drug activity that was allegedly furthered by Prawl's gun possession was retail drug sales, specifically, possession with intent to distribute heroin on October 4, 2019. Three of the next four factors weigh solidly in the government's favor. The gun was readily accessible, wrapped in a sweater and placed in an unlocked, unobstructed dresser, suggesting that Prawl wanted quick access to protect the heroin in the adjacent closet. *See Willis*, 14 F.4th at 184 (Section 924(c) "applies where the charged weapon is readily accessible to protect drugs . . . or the dealer himself"). Next, a detective testified that the type of firearm—a handgun—is advantageous for drug dealers due to its ease of concealment. *See United States v. Amaya*, 828 F.3d 518, 526 (7th Cir. 2016) (affirming § 924(c) conviction in part because the "gun was a handgun, which easily could be concealed and carried to drug transactions"). And while the gun was not stolen, Prawl possessed it illegally because he lacked a license for it.

The sixth factor also tips in the government's favor. Although the gun itself was not loaded, it was found together with a fully loaded magazine, and a firearms expert testified that the gun could thus be loaded and made operable within seconds. *See United States v. Barnes*, 822 F.3d 914, 919-20 (6th Cir. 2016) (evidence that a firearm "was unloaded, but stored with a loaded magazine," supported the defendant's § 924(c) conviction).

Next, the gun's proximity to the heroin and the circumstances under which the gun was found each weigh in favor of the jury's verdict. The gun was found in a drawer within a dresser that was

11

No. 23-6313(L)

directly in front of the closet containing the heroin and drug paraphernalia. Cutting agents were found in an adjacent drawer. And Prawl had sold heroin near to or in the building four times in the month prior to the raid, retrieving the heroin he sold from the same apartment adjacent to the common area of the building three times. Even though Prawl is not alleged to have possessed a gun during his September heroin sales, the fact that Prawl had been publicly dealing heroin out of the same building increased the risk of robbery and the need to use a gun as protection.

Overall, the *Snow* factors support Prawl's § 924(c) conviction. While other cases in which we affirmed § 924(c) convictions may have shown a somewhat tighter nexus between the drugs and guns at issue, details in these cases vary.[3] And the nexus here is stronger than

---

[3] Other cases featured either a similar proximity between the gun and drugs paired with other strong inculpatory factors not present here, *see United States v. McCoy*, 303 F. App'x 45, 47 (2d Cir. 2008) (summary order) (loaded firearm with hollow point bullets and disabled safety found in same room as drugs and distribution paraphernalia); *United States v. Arterberry*, 75 F. App'x 858, 860 (2d Cir. 2003) (summary order) (four guns found "in reasonable proximity" to large stash of drugs and distribution paraphernalia; "[a]t least one" was "next to the night stand" and "readily accessible for his use"); *United States v. Long*, 678 F. App'x 31, 35 (2d Cir. 2017) (summary order) ("loaded AK-47 firearm containing 29 rounds and a stolen handgun" found in same home as drugs and distribution paraphernalia); *Willis*, 14 F.4th at 185 (loaded handgun found "near" drug stash in "apartment that served as a stash house"); *United States v. Holley*, 638 F. App'x 93, 99 (2d Cir. 2016) (summary order) (loaded handgun found in sweatshirt pocket in same room as drugs and distribution paraphernalia; additional drugs, unloaded handgun, and bulletproof vest found in separate rooms), or both a closer proximity and additional inculpatory factors, *see Lewis*, 62 F.4th at 746 (loaded gun found inside a laundry basket alongside drugs packaged for sale on porch of apartment containing more drugs and cash); *United States v. Johnson*, 300 F. App'x 44, 46 (2d Cir. 2008) (summary order) (loaded handgun stashed together with drugs under a heating vent within arm's reach of the vent cover). At least two cases featured gun and drugs that may have been farther apart physically, paired with inculpatory factors not present here. *See Willis*, 14 F.4th at 184-85 (semi-automatic rifle found concealed in box by front door of drug stash house;

12

No. 23-6313(L)

cases in which we have vacated § 924(c) convictions. In *United States v. Rosario*, on which Prawl relies, we vacated a guilty plea under § 924(c) where the evidence demonstrated only that the defendant "possessed the gun during the time that he was engaged in a drug-trafficking conspiracy," because he "stored [the gun] in a locked van parked near his home" and "the same van had also been parked . . . near the site of" a drug sale a month earlier. 792 F. App'x 76, 78-79 (2d Cir. 2019) (summary order). *Rosario* is inapposite, as the gun at issue here was found in the same location as a stash of drugs, among other inculpatory circumstances. Here, (1) Prawl's ability to quickly open the unlocked drawer and load the gun; (2) his illegal possession of the gun; (3) the gun's ease of concealment; (4) its close proximity to the heroin; and (5) its location in the apartment where Prawl had kept the heroin that he had sold in the past, when taken together, provide a sufficient specific nexus between the gun and the heroin he possessed and intended to sell.

## II.     Constructive Amendment of Count 5

Prawl next argues that by indicting him for possessing a firearm in furtherance of one drug trafficking offense, distribution in Counts 1-4, and convicting him of possessing a firearm in furtherance of a different predicate offense, possession with intent to distribute in Count 6, the government and district court violated his Fifth Amendment right to indictment by grand jury. The Grand Jury Clause of the Fifth Amendment guarantees that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury." U.S. Const. amend. V,

---

additional loaded pistol found in couch cushion); *Snow*, 462 F.3d at 63 (two illegally owned, loaded handguns found in bedroom dresser next to $6,000 in cash, same room as packaging paraphernalia).

13

No. 23-6313(L)

cl. 1.  Indictments must (1) "contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend"; and (2) "enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz–Ponce*, 549 U.S. 102, 108 (2007).  Accordingly, "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *United States v. Miller*, 471 U.S. 130, 143 (1985).

An indictment has been constructively amended in violation of the Grand Jury Clause when either the trial evidence or jury charge "broaden[s] the possible bases for conviction from that which appeared in the indictment," *id.* at 138, such that "it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment," *United States v. Bastian*, 770 F.3d 212, 220 (2d Cir. 2014).  This occurs where either "(1) an additional element, sufficient for conviction, is added, or (2) an element essential to the crime charged is altered." *United States v. Dove*, 884 F.3d 138, 146 (2d Cir. 2018).

At the outset, we consider the government's argument that Prawl abandoned appellate review of his constructive amendment claim by failing to raise it in his opening brief on appeal.  To the extent we reach that claim, because Prawl did not raise it before the district court, it can be reviewed only for plain error under Federal Rule of Criminal Procedure 52(b).  *Bastian*, 770 F.3d at 216.

### A.  Abandonment

There is no dispute that Prawl failed to raise his constructive amendment challenge in his opening appellate brief.  The first time the issue was mentioned was when the government's appellate response brief noticed the discrepancy between the § 924(c) drug

14

No. 23-6313(L)

trafficking distribution predicate specified in the indictment (Counts 1-4) and the possession with intent to distribute predicate targeted by the evidence, the government's summation, and the district court's jury charge (Count 6). The government then argued in its response brief that Prawl's challenge relating to this discrepancy was abandoned on appeal.[4]

After receiving the government's appellate brief, Prawl moved for supplemental briefing on the constructive amendment issue, but filed a reply brief three days later that did not address the issue. The government opposed supplemental briefing, again arguing that the claim was abandoned. We granted Prawl's motion for supplemental briefing, reserving the abandonment question.

"An argument not raised on appeal is generally deemed abandoned." *Tarpon Bay Partners v. Zerez Holdings*, 79 F.4th 206, 232 n.25 (2d Cir. 2023). Because Prawl failed to raise the constructive amendment issue in his opening brief, this could mark the end of our analysis. However, the abandonment rule is "prudential, not jurisdictional, and we have exercised our discretion to review waived or abandoned arguments where the argument presents a question of law and there is no need for additional fact-finding" or where "manifest injustice otherwise would result." *Id*.

---

[4] Though the government styles its argument primarily as one of "waiver," its contention is actually that the issue was abandoned on appeal. Waiver and forfeiture govern "when a court may *subtract* from the arguments raised on appeal" because of a party's failure to preserve an argument or intentional disclaimer of an argument *before the district court*, while the question of whether a party has abandoned an argument by failing to timely raise it on appeal "sounds in the party-presentation rule," which limits the appellate court to "questions presented by the parties" *on appeal*. *United States v. Graham*, 51 F.4th 67, 79–81 (2d Cir. 2022).

15

No. 23-6313(L)

Regardless of whether these conditions obtain here, we decline to exercise our discretion to address Prawl's constructive amendment claim. Not only did Prawl fail to raise the constructive amendment issue in his appellate brief, he also never made an argument in opposition to the government's abandonment contention. After the government provided ample support for its abandonment argument in its opening response brief, its opposition to Prawl's motion for supplemental briefing, and its supplemental brief, Prawl failed to even mention the abandonment issue in any of his filings, much less respond to the government's abandonment argument. He thereby effectively conceded that the issue was abandoned.

### B.    Plain Error

Even if Prawl's constructive amendment claim had not been abandoned, it would have failed on plain error review. Plain error review applies a heightened standard to correcting errors that were not raised before the district court, which is generally in a better position to correct any error or mitigate its damages. Plain error generally requires that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Bastian*, 770 F.3d at 219-20. We modify this standard in the context of unpreserved constructive amendment claims. "[C]onstructive amendments are per se prejudicial even in the context of plain error review, thus automatically satisfying the third prong." *Id.* at 220 n.4. Here, we decline to determine whether the district court erred under the first prong, because, under the second prong, any error could not have been clear or obvious in light of our jurisprudence.

No. 23-6313(L)

We typically do not find that an error is clear or obvious "where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *United States v. Esteras*, 102 F.4th 98, 108 (2d Cir. 2024). However, "the plainness of the error can depend on well-settled legal *principles* as much as well-settled legal *precedents*." *United States v. Brown*, 352 F.3d 654, 664 (2d Cir. 2003). "[W]e can," therefore, "notice plain error that does not contravene clearly established precedent, where such error is so egregious and obvious as to make the trial judge and prosecutor derelict in permitting it," which may occur "where other circuits have uniformly taken a position on an issue that has never been squarely presented to this Court." *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004). "We emphasize, however, that such cases are bound to be exceedingly rare," *id.*, and "will typically involve review of a potential *constitutional* error," *Brown*, 352 F.3d at 665. Finally, "we will be more inclined to deem an error 'plain' where it is clear from the record that failure to object below was not the result of a strategic decision;" and, conversely, less inclined to do so if it was. *Id.*[5]

The operative legal question here is one of first impression for this court: whether a § 924(c)(1)(A) indictment that specifies which trafficking offense the defendant's firearm possession furthered is constructively amended when the defendant is convicted for possession in furtherance of a different trafficking predicate charged elsewhere in the indictment. Other circuits have found a constructive amendment on similar facts.[6] But even if we were to agree with these

---

[5] While there is no reason to suspect a strategic motive behind Prawl's failure to raise the question before the district court, as he also failed to raise it in his opening appellate brief, he still cannot prevail under plain review for the reasons outlined below. *Brown*, 352 F.3d at 665.

[6] *See United States v. Randall*, 171 F.3d 195, 205 (4th Cir. 1999) ("[I]f the government specifies in the indictment the § 924(c) predicate offense on which it is relying, a

17

No. 23-6313(L)

circuits, this conclusion is far from certain under our constructive amendment caselaw, meaning that any error cannot be "so egregious and obvious" as to warrant a finding of plain error in the absence of controlling precedent. *Esteras*, 102 F.4th at 108; *cf. Bastian*, 770 F.3d at 221-23 (declining to find plain error where Second Circuit caselaw suggested that the circumstances at issue did not amount to a constructive amendment; given this uncertainty, "[a] handful of" conflicting out-of-Circuit cases addressing the issue could not establish plain error).

We have used different approaches to assess whether an altered portion of an indictment is an essential element, and therefore whether a constructive amendment occurred, which "sometimes appear to reach divergent results." *United States v. Milstein*, 401 F.3d 53, 65 (2d Cir. 2005) (per curiam). We generally allow significant flexibility in proof "provided that the defendant was given *notice* of the *core of criminality* to be proven at trial." *United States v. D'Amelio*, 683 F.3d 412, 417 (2d Cir. 2012). This test looks to "whether the jury convicted based on a complex of facts *distinctly different* from that which the grand jury set forth in the indictment," *id.* at 419 (emphasis added), including "the time, place, people, and object" of the defendant's conduct, *United States v. Wozniak*, 126 F.3d 105, 111 (2d Cir. 1997). We also look to any showing that the defendant was surprised by the evidence used against him at trial; evidence that he was not surprised can weigh against finding a constructive amendment. *Id.* However, we will reverse a conviction that rests on a different legal theory of liability than that charged in the indictment.

---

conviction that rests, no matter how comfortably, on proof of another predicate offense cannot stand."); *United States v. Willoughby*, 27 F.3d 263, 266-67 (7th Cir. 1994) (holding same); *United States v. Reyes*, 102 F.3d 1361, 1364-68 (5th Cir. 1996) (holding same, but affirming conviction based on other considerations).

18

No. 23-6313(L)

*See Milstein*, 401 F.3d at 64-65 (holding that indictment had been constructively amended where it charged defendant with fraudulently distributing misbranded drugs on the theory that the drugs' packaging materials had been forged; but the government presented trial evidence establishing guilt based on a different theory of misbranding—that the drugs were misbranded because they were falsely said to be sterile).

Any changes that occurred in relation to Count 5 between Prawl's indictment and conviction do not amount to an "egregious and obvious" constructive amendment in light of this circuit's caselaw. *Esteras*, 102 F.4th at 108. As previously indicted, Count 5 charged Prawl under § 924(c) with possessing a firearm on October 4, 2019 in furtherance of heroin sales occurring on September 5, 9, 11, and 30, 2019, while the evidence and jury charge led to Prawl's conviction for possessing a firearm on October 4 in furtherance of his possession of heroin found near the gun on the same day. *See D'Amelio*, 683 F.3d at 420 (the constructive amendment inquiry focuses on whether the "the time, place, people, and object proved at trial" varies from that alleged in the indictment). However, both the indictment and jury charge made clear that the most important aspect of Prawl's § 924(c) offense—his gun possession—occurred on October 4, so even if there were error, that error was not egregious and obvious.

We also see no indication that Prawl was surprised by the discrepancy between the § 924(c) predicate charged in the indictment and the one specified in the evidence and jury instruction. *See D'Amelio*, 683 F.3d at 421-22 (providing that a defendant's lack of surprise at the evidence presented at trial is a non-dispositive indication that the trial evidence was "encompassed in the core of criminality charged in the indictment"). In fact, his proposed jury

19

No. 23-6313(L)

charge anticipated the government's reliance on Count 6 as the relevant trafficking predicate, suggesting that the jury could convict him if it found that he "used or carried a firearm during and in relation to or that [he] knowingly possessed a firearm in furtherance of the commission of the crimes charged in Counts 1 – 4 & 6." App'x at 28.

\* \* \*

In sum, we affirm Prawl's conviction on all six counts based on the following grounds: (1) there was sufficient evidence to support Prawl's conviction on Count 5 under § 924(c) for possessing a firearm in furtherance of his possession with intent to distribute heroin, as alleged in Count 6; (2) Prawl's constructive amendment claim with respect to Count 5 was abandoned on appeal; (3) even if the constructive amendment claim had not been abandoned on appeal, any error was not objected to at trial and was not "so egregious and obvious" as to warrant a finding of plain error in the absence of binding precedent; and (4) Prawl's convictions in Counts 1-4 and 6 are not contested.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of conviction.[7]

---

[7] Also before us is the government's motion to consolidate with this case a separate related appeal (Case No. 25-400) filed by Prawl seeking bail pending the outcome of the present appeal (Case No. 23-6313(L)). We GRANT the government's motion to consolidate and DENY Prawl's motion for bail pending appeal as moot.

20